IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ANTHONY B. WINGFIELD, §
TDCJ NO. 1896078, §
Petitioner, §
§
v. § Civil Action No. 7:18-cv-144-O-BP
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional Institutions §
Division, §
Respondent. §

## RESPONDENT'S PRELIMINARY ANSWER WITH BRIEF IN SUPPORT

Petitioner Anthony B. Wingfield was found guilty of assault against a family member, enhanced, and was sentenced to forty-five years of incarceration by a Texas state court. Wingfield's petition for writ of habeas corpus should be denied and dismissed with prejudice because his claims are barred by the statute of limitations.

## JURISDICTION

Wingfield seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Wingfield was convicted within this Court's jurisdiction.

## PETITIONER'S ALLEGATIONS

The Director understands Wingfield to allege:

1. Judicial misconduct;

2. Prosecutorial misconduct; and

3. Ineffective assistance of counsel.

ECF 1, at 6-7.

## GENERAL DENIAL

The Director denies all of Wingfield's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Wingfield and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

### I. Procedural History

Wingfield challenges the Director's lawful custody of him pursuant to the judgment sentence of the 46th Judicial District Court of Wilbarger County, Texas, in cause number 11,825. ECF 24-27, at 28-29. Wingfield was charged by indictment with assault against a family member, with prior convictions alleged for enhancement. *Id.*, at 26. He entered a plea of not guilty to a jury. *Id.*, at 28. On November 13, 2013, the jury found Wingfield guilty as charged and sentenced him to forty-five years of incarceration. *Id.*

On November 24, 2015, the Seventh Court of Appeals of Texas affirmed Wingfield's conviction. *Wingfield v. State*, No. 07–13–00399–CR, slip op. (Tex. App.—Amarillo 2015, pet. ref'd); ECF 24-15. Wingfield filed a petition for discretionary review and it was refused on February 10, 2016. *Wingfield v. State*, PDR No. 1618-15 (Tex. Crim. App. 2016).

On August 3, 2017,[1] Wingfield filed his first application for state writ of habeas corpus challenging the instant conviction. ECF 24-24, at 4. That application was dismissed as non-complaint, citing *Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010), on September 20, 2017. ECF 24-22. Wingfield filed a second application for state writ of habeas corpus challenging the instant conviction, at the earliest,[2] on October 1, 2017. ECF 24-27, at 13. The Texas Court of Criminal Appeals denied the application without written order on the finding of the trial court, without a hearing, on January 10, 2018. ECF 24-25. Wingfield filed the instant petition on September 12, 2018. ECF 1, at 10.

## II. Statement of the Facts

The state appellate court summarized the facts as follows:

> The State's indictment charged appellant with assault against a member of his household and alleged appellant previously had been convicted of a similar offense.
>
> After appellant pled not guilty, Angela Dickerson and her brother testified. Dickerson said she and appellant were dating and living together when, on a day in June 2013, appellant became angry with her and punched her in the face. Her brother did not see the assault but heard a "slapping" sound and looked over to see appellant standing over his sister, "fussing at her" and a "big old knot" forming near Dickerson's eye. Photographs of the

---

1 The prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). But, Wingfield did not date his application, or otherwise allege when he submitted it for mailing. ECF 24-24, at 12, 15. Therefore, the Director utilizes the court file stamp date. ECF 24-24, at 4.

2 The Director reserves the right to argue a later filing date than the date Wingfield signed his application. *See Richards*, 710 F.3d at 578-79.

> complainant were admitted, depicting the injury to her eye. To prove appellant's prior conviction, the State introduced a 2012 judgment of a Dallas County criminal court.
>
> The jury found appellant guilty as charged in the indictment and punishment was assessed as noted.

*Wingfield v. State*, slip op. at 2; ECF 24-15, at 2.

**RECORDS**

Records of Wingfield's trial, appeals, and state habeas proceedings have been filed with the Court.

**LIMITATIONS/EXHAUSTION/SUCCESSIVE PETITION**

Wingfield's claims are barred by limitations. 28 U.S.C. § 2244(d). The petition is not subject to the successive petition bar. 28 U.S.C. § 2244(b). The Director reserves the right to argue exhaustion and procedural bar, pending the Court's resolution of the time-bar issue. 28 U.S.C. § 2254(b).

**ANSWER**

The Court should dismiss Wingfield's claims with prejudice because Wingfield has failed to file his federal writ petition within the statute of limitations provided in § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2018).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Wingfield from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Wingfield's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Wingfield has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, conviction finality started the running of Wingfield's limitation period. *See* 28 U.S.C. § 2244(d)(1)(A)

Wingfield's petition for discretionary review was refused on February 10, 2016. *Wingfield v. State*, PDR No. 1618-15. His conviction became final ninety days later on May 10, 2016, when the time for timely filing a petition for writ of certiorari expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires); Sup. Ct. R. 13.1; ECF 3, at 3. Therefore, the one-year limitation period for filing a federal petition expired one year later on May 10, 2017, absent tolling.

AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Neither of Wingfield's state writ applications challenging his conviction tolled the limitations period because they were filed after the expiration of the limitations period. ECF 24-24, at 4; ECF 24-27, at 13; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired."). Wingfield's first state habeas application did not toll the limitations period for the additional reason that it was not properly filed. 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to and accepted by, the appropriate court officer for placement into the official record."). Therefore, the instant federal habeas petition, filed September 12,

2018, is over one year and four months late.[3] It should be denied and dismissed with prejudice.

## CONCLUSION

The Director respectfully requests that the petition for writ of habeas corpus be denied and dismissed with prejudice, and that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Jessica Manojlovich
JESSICA MANOJLOVICH*
Assistant Attorney General
State Bar No. 24055632

*Lead Counsel

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

[3] Wingfield seems to allege he is entitled to some type of tolling because he has been "improperly and discriminatorily housed" since August 31, 2018. ECF 19, at 1. This claim is unavailing as his limitations period had already expired by that date.

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing pleading was served by placing the same in the United States Mail, postage prepaid, on the 5th day of April 2019, addressed to:

Anthony B. Wingfield
TDCJ-CID No. 1896078
Polunsky Unit
3872 FM 350 S
Livingston, Texas 77351

/s/ Jessica Manojlovich
JESSICA MANOJLOVICH
Assistant Attorney General