IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ANTHONY B. WINGFIELD, § <br> TDCJ No. 01896078, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 7:18-cv-00144-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), filed September 12, 2018 by Petitioner Anthony B. Wingfield pursuant to 28 U.S.C. § 2254; Petitioner's Response to the Court Order to Show Cause (ECF No. 19), filed January 15, 2019; Respondent's Preliminary Answer with Brief in Support (ECF No. 25), filed April 5, 2019; and Petitioner's Reply to Respondent's Preliminary Response (ECF No. 28), filed April 23, 2019. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **with prejudice** as time-barred.

### I. BACKGROUND

Petitioner Anthony B. Wingfield ("Petitioner") is a prisoner confined in the Polunsky Unit of the Texas Department of Criminal Justice ("TDCJ") in Livingston, Texas. (ECF No. 1). He challenges the validity of his Wilbarger County conviction for assault against a household member, with a prior conviction. *Id.* On November 13, 2013, he was convicted of that offense and sentenced to forty-five years in prison. (ECF No. 24-24 at 24, 36). He filed a direct appeal on November 20,

2013, and the Seventh Court of Appeals of Texas affirmed his conviction on November 24, 2015. (ECF Nos. 24-2 at 2; 24-15). He filed a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal Appeals ("TCCA") on December 15, 2015, which was denied on February 10, 2016. (ECF Nos. 24-2 at 2; 24-18; 25 at 2). His conviction became final ninety days later, on May 10, 2016. *See* 28 U.S.C. § 2244(d) (2019); *see also* U.S. Sup. Ct. R. 13(1).

On August 3, 2017, Petitioner filed an Application for Writ of Habeas Corpus with the TCCA, which was dismissed as noncompliant on September 20, 2017. (ECF Nos. 24-22; 24-24 at 4). On October 18, 2017, he filed another Application for Writ of Habeas Corpus with the TCCA, which was denied on January 10, 2018. (ECF Nos. 24-24; 24-27 at 3, 12–13). Petitioner filed the instant Application for Writ of Habeas Corpus on September 12, 2018. (ECF No. 1).

## II.  LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

**A. Petitioner is Time-Barred by the AEDPA Limitation Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a). His conviction becomes final if he does not file timely notice within that period, and the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply. If the defendant files a timely direct appeal and the appellate court affirms, then he has thirty days after the affirming court's judgment to file a PDR with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant files a timely PDR and the TCCA affirms, he has ninety days to file a petition for writ of certiorari with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. Once this ninety-day period has ended, the defendant's conviction becomes final. 28 U.S.C. § 2244(d); U.S. Sup. Ct. R. 13(1). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Petitioner's conviction became final on May 10, 2016. He was convicted on November 13, 2013, and he filed a timely notice of appeal within thirty days, on November 20, 2013. After the Seventh Court of Appeals affirmed his conviction on November 24, 2015, he filed a timely PDR with the TCCA—the state court of last resort for criminal matters—within thirty days, on December 15, 2015. The TCCA denied his PDR on February 10, 2016. The deadline to file a petition for writ of certiorari with the Supreme Court of the United States was May 10, 2016, and Petitioner did not file a petition. *See* U.S. Sup. Ct. R. 13(1). Therefore, his conviction became final on May 10, 2016.

Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Petitioner argues that the state prevented him from timely filing his habeas application, which could implicate the date set forth in § 2244(d)(1)(B), but he does not allege any time periods or other facts to support that argument. Consequently, the one-year AEDPA period began to run on May 10, 2016 and ended on May 10, 2017. Petitioner's two applications for state habeas relief did not toll the limitation period because he filed them after the period ended. On September 12, 2018, Petitioner filed the instant application for writ of habeas corpus, more than a year after the AEDPA-mandated deadline.

### B. Petitioner is Not Entitled to Equitable Tolling

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner]

4

must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

### 1. Petitioner Fails to Establish Diligence in Pursuing his Claims

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Palacios*, 723 F.3d at 606 (quoting *Williams v. Thaler*, 400 Fed. Appx. 886, 890–91 (5th Cir. 2010)). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Petitioner filed the instant habeas application sixteen months late. He alleges that he was discriminatorily housed in the prison; he was unable to attend law library sessions or use the telephone; the law library custodians did not produce his commissary account information; his I-60 requests were not returned; and the Wilbarger County clerk removed a section from Petitioner's state habeas application. (ECF No. 19). None of these allegations sufficiently establish that Petitioner acted with reasonable diligence in pursuing his claims, and the fact that he filed his application more than a year late further undermines his position.

### 2. Petitioner Fails to Establish Extraordinary Circumstances

Equitable tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Such tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner fails to establish extraordinary circumstances that prevented him from timely filing. He argues that the state interfered with his access to the courts, which the Court reads as his

allegation of extraordinary circumstances. (ECF No. 19). The constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). Petitioner alleges that he was unable to attend law library sessions, but he does not make any allegations regarding the adequacy of the law library, the length of time that he could not use the library, or any other circumstances surrounding his inability to use the library. (*See* ECF No. 19).

Petitioner also fails to provide details about his other allegations and show that these alleged impediments prevented him from timely filing. Consequently, Petitioner does not establish extraordinary circumstances, and he does not show any entitlement to equitable tolling.

### III.   CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed September 12, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE